# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-81208-BLOOM/Reinhart

DANA ILIEV,

      Plaintiff,

v.

SHOREHAM CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff Dana Iliev's ("Plaintiff") Motion to Strike, ECF No. [16] ("Motion"), seeking to strike some of the affirmative defenses asserted by Defendant Shoreham Condominium Association, Inc. ("Defendant") in its Answer and Affirmative Defenses, ECF No. [8] ("Answer"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise duly advised in the premises. For the reasons set forth below, the Motion is granted.

In the Complaint, ECF No. [1], Plaintiff asserts claims for violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., and the Florida Fair Housing Act, Fla. Stat. §§ 760.20, *et seq*. In the Answer, Defendant asserts eight (8) affirmative defenses, including failure to state a claim (¶¶ 72-74), failure to name/join an indispensable party (¶¶ 75, 77), and comparative negligence (¶ 76). Plaintiff filed the Motion on October 31, 2018, generating a November 15, 2018 response deadline. Defendant has failed to file a response to the Motion.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Although the court has broad discretion in exercising the power to strike, the ability to strike is usually considered to be drastic and often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (calling Rule 12(f) a "draconian sanction"). Nevertheless, pursuant to Local Rules, "[f]ailure to [serve an opposing memorandum of law] may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c).

In this case, the Court agrees that, in substance, the affirmative defenses are legally insufficient. Moreover, Defendant's complete failure to respond to the Motion—despite ample time in which to do so—justifies the application of the Local Rule and an exercise of the Court's broad discretion to strike. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [16]**, is **GRANTED**, and Defendant's affirmative defenses asserted in ¶¶ 72-77 of the Answer are **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record